UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:06-CR-290-T-24TBM

ERNESTO RODRIGUEZ
_____/

**ORDER**

This cause comes before the Court on violations of supervised release. On September 23, 2002, Defendant Rodriguez was sentenced for the offense of Possession of Ammunition by a Convicted Felon. He received a sentence of forty-two (42) months in the Bureau of Prisons, followed by thirty-six (36) months of supervised release. On August 18, 2006, Defendant Rodriguez's sentence was modified to include the condition that Defendant Rodriguez be placed on curfew for a period of ninety (90) days as a result of illegal drug use.

On October 16, 2006, the probation officer filed a petition with the Court stating that Defendant Rodriguez had violated Condition 7 of the Standard Conditions of Supervision, which states the Defendant shall not possess or use any controlled substance. Specifically, Defendant Rodriguez tested positive for drugs on May 25, 2006, June 6, 2006, June 21, 2006, August 1, 2006, August 23, 2006, August 30, 2006, September 12, 2006, and September 18, 2006. Additionally, on September 26, 2006, Defendant Rodriguez admitted to the probation officer that he used methadone without a prescription on or about September 23, 2006.

On November 8, 2006, the Court conducted a final revocation hearing. At that hearing, Defendant Rodriguez admitted to violating the conditions of supervised release in that he used a

1

controlled substance on the aforementioned dates.  The Court finds that Defendant Rodriguez has violated his supervised release by testing positive for drugs.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Rodriguez's supervised release is **REVOKED**.  He is remanded to the custody of the Marshal, and he is sentenced to a term of **NINE (9) MONTHS** in the Bureau of Prisons.  The Court recommends that Defendant Rodriguez participate in drug treatment while serving his term of imprisonment. In imposing the sentence, the Court has considered the factors set forth in 18 U.S.C. § 3553(a) and the advisory guidelines.

**DONE AND ORDERED** at Tampa, Florida this 8th day of November, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Kathy J.M. Peluso, AUSA
Dionja Dyer, AFPD
U.S. Marshal Service
U.S. Probation Office

2